# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| JAMES SAULTER and DR. ANNA GOODLOE | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:26-CV-2374-S |
| | § | |
| JOHNSON COUNTY, TEXAS, and SHERIFF ADAM KING, in both his official and individual capacities | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Sheriff Adam King's Opposed Motion to Stay ("Motion") [ECF No. 11]. The Court has reviewed the Motion, Plaintiffs James Saulter and Dr. Anna Goodloe's Response in Opposition to the Motion ("Response") [ECF No. 18], King's Reply to the Response and Request for Expedited Ruling[1] ("Reply") [ECF No. 22], and the applicable law. For the following reasons, the Court **GRANTS** the Motion.

## I. BACKGROUND

At all times relevant to this lawsuit, King served as the elected Sheriff of Johnson County. Pls.' First Am. Compl. ("Amended Complaint") [ECF No. 17] ¶ 4. Plaintiffs allege that King subjected Goodloe, an employee of the Johnson County Sheriff's Office ("JCSO"), to repeated sexual comments and conduct beginning in May 2024. *Id.* ¶¶ 2, 9. In 2025, Goodloe reported King's conduct to Saulter, the second in command to King. *Id.* ¶¶ 8-9. Saulter and Goodloe then reported King's conduct to the Texas Rangers. *Id.* ¶ 10. After this report, Plaintiffs allege that King

[1] The Court will not consider requests for relief raised for the first time in the Reply. Further, even if King properly moved for an order barring Plaintiffs' counsel from deposing King in the state civil case until the stay in this case is lifted, or an order prohibiting Plaintiffs from using any deposition transcript from before the criminal trial in this case, the Court would not grant it. *See United States ex rel. Grubbs v. Kanneganti*, No. 1:05-CV-323, 2007 WL 9718264, at *2 (E.D. Tex. June 4, 2007) ("[T]hrough the Anti-Injunction Act, Congress imposed a general prohibition on the federal courts from interfering in state judicial proceedings." (citing *J.R. Clearwater, Inc. v. Ashland Chem. Co.*, 93 F.3d 176, 178 (5th Cir. 1996))).

retaliated against them. *Id.* ¶¶ 13-30. Plaintiffs bring First Amendment retaliation claims under 42 U.S.C. § 1983 against King and Defendant Johnson County, Texas. *Id.* ¶¶ 35-49.

In August 2025, a Johnson County grand jury indicted King on multiple criminal charges for retaliation against a witness and official oppression-sexual harassment based on the same facts underlying Plaintiffs' claims. *Id.* ¶ 30; Reply, Ex. A, at 1-4. In 2026, King was indicted on additional charges for retaliation against a witness, aggravated perjury based on testimony related to Plaintiffs' claims, and tampering with evidence. Reply, Ex. A, 5-7. These charges remain pending, with upcoming trials in November 2026.[2] Am. Compl. ¶ 30; Reply, Ex. B, at 1-20. King seeks to stay this civil case pending resolution of the parallel criminal proceedings.

## II. LEGAL STANDARD

"[A] district court may stay a civil proceeding during the pendency of a parallel criminal proceeding" where the stay "contemplates 'special circumstances' and the need to avoid 'substantial and irreparable prejudice.'" *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983) (quoting *SEC v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 668 (5th Cir. 1981)). "The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation[.]" *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) (citation omitted). In exercising this discretion, courts apply a six-factor test to determine whether "special circumstances" justify staying or abating a case due to parallel criminal proceedings:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

[2] A trial was held in June 2026 in Case No. DC-F202500752, which involved one of the August 2025 charges for retaliation against a witness. Reply, Ex. A, at 2; *id.*, Ex. B, at 13-14; Am. Compl. ¶ 24. The state court declared a mistrial, and this case is now reset for trial on November 9, 2026. Reply, Ex. B, at 14.

*Walker v. Wilburn*, No. 3:13-CV-4896-D, 2015 WL 5873392, at *5 (N.D. Tex. Oct. 5, 2015) (citation omitted); *Cmty. Loan Servicing, LLC v. Moreno*, No. 4:20-CV-01169-O, 2021 WL 3721456, at *2 (N.D. Tex. Jan. 27, 2021) (citation omitted).

## III. ANALYSIS

All six factors weigh in favor of staying this case. The first factor, regarded as "the most important factor in the analysis," *Cmty. Loan Servicing, LLC*, 2021 WL 3721456, at *3 (citation omitted), strongly favors a stay because King's criminal charges arise from the same allegations of harassment and retaliation that form the basis of Plaintiffs' claims. *Compare* Am. Compl. ¶¶ 8-30, *with* Reply, Ex. A. Although Plaintiffs argue that the criminal proceedings are not "coextensive" with Plaintiffs' municipal liability claim against Johnson County, Resp. 3, 4-5, Plaintiffs allege that King possessed "final, unreviewable policymaking authority for JCSO law-enforcement operations and personnel decisions at issue here," Am. Compl. ¶¶ 31, 47-49. As such, the retaliation charges in the criminal proceedings also overlap with Plaintiffs' municipal liability claim, and this factor weighs in favor of a stay.

The second factor—the status of the criminal case—ordinarily weighs in favor of a stay when the criminal defendant has already been indicted. *Walker*, 2015 WL 5873392, at *7 ("A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct." (citation omitted)). Here, the parties do not dispute that King was indicted. Am. Compl. ¶ 30; Mot. 2. Therefore, this factor weighs in favor of a stay.

The third factor involves weighing the plaintiff's private interests in proceeding expeditiously against the prejudice caused by delay. *Walker*, 2015 WL 5873392, at *7. "[N]ormally, in evaluating the plaintiff's burden resulting from the stay, courts may insist that the plaintiff establish more prejudice than simply a delay in his right to expeditiously pursue his

claim." *Id.* (citation omitted). Moreover, "courts have found that plaintiffs will not be unduly prejudiced by a stay where the criminal trial is expected to occur within the year." *Jean v. City of Dallas*, No. 3:18-CV-2862-M, 2019 WL 4597580, at *3 (N.D. Tex. Sep. 22, 2019) (citation omitted). Plaintiffs argue that they face increasing prejudice from delay because "[m]emories fade, employees change positions, electronic information is lost under routine retention practices, and witnesses become harder to locate." Resp. 4. The Court finds that any prejudice to Plaintiffs resulting from a stay "presents, at worst, a modest increase in the length of litigation." *Jean*, 2019 WL 4597580, at *4 (citation omitted). Moreover, the criminal trials on King's charges appear positioned to occur within a year. Reply, Ex. B, 1-20. The third factor weighs in favor of a stay.

The fourth factor examines the defendant's private interests in securing a stay. *Walker*, 2015 WL 5873392, at *8. In this case, "absent a stay, [King] faces a conflict between asserting [his] Fifth Amendment rights and fulfilling [his] legal obligations as a witness in this civil action." *Id.* (citation omitted). Although Plaintiffs argue that "[a] wholesale stay is not necessary," Resp. 4, "[t]his conflict may be largely, if not completely, eliminated by granting a stay," *Walker*, 2015 WL 5873392, at *8 (citation omitted). Accordingly, this factor weighs in favor of granting a stay.

The fifth factor considers the interests of the Court in granting a stay. *Walker*, 2015 WL 5873392, at *5. Although courts have an interest in resolving matters expeditiously, a stay "serves the interests of the courts, because conducting the criminal proceedings first advances judicial economy." *Jean*, 2019 WL 4597580, at *5 (citation omitted). "Resolution of the criminal case may increase prospects for settlement of the civil case. Due to differences in the standards of proof between civil and criminal prosecutions, the possibility always exists for a collateral estoppel or res judicata effect on some or all of the overlapping issues." *Id.* (citation omitted). Thus, this factor weighs in favor of granting a stay.

The sixth factor considers the public interest. *Walker*, 2015 WL 5873392, at *5. "Typically, this factor only weighs against the grant of a stay where a civil case is pending and no criminal investigation has begun." *Jean*, 2019 WL 4597580, at *5 (citation omitted). King has already been indicted, and trial dates have been set. "While the public certainly has an interest in the prompt resolution of the instant civil case, it also has an interest in protecting the constitutional rights of criminal defendants." *Id.* (citation omitted). Because denying a stay risks violating King's constitutional rights, this factor favors granting a stay.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Sheriff Adam King's Opposed Motion to Stay [ECF No. 11]. This case is **STAYED** and **ADMINISTRATIVELY CLOSED** until King's criminal proceedings in state court are concluded, or upon granting a motion to reopen by any party, or to enter a dismissal.

**SO ORDERED.**

SIGNED October 15, 2026.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**